[No. 542. Decided March 21, 1892.]

F. M. WADE, *Appellant,* v. THE CITY OF TACOMA;
*Respondent.*

CONSTITUTIONAL LAW—AMENDMENTS TO CITY CHARTERS—NOTICE OF
SUBMISSION.

Under the provisions of art. 11, § 10 of the state constitution, prescribing the manner in which cities of twenty thousand or more inhabitants may be permitted to frame a charter and make amendments thereto, the clause, "Such charter may be amended by proposals therefor submitted by the legislative authority of such city to the electors thereof at any general election after notice of said submission published as above specified," requires publication of the amendment for thirty days in two newspapers.

*Appeal from Superior Court, Pierce County.*

Action by F. M. Wade to restrain the city of Tacoma from amending its charter, which the city was proceeding to do in accordance with a section of the charter providing for the publication of proposed amendments in the official newspaper for thirty days. From the judgment for defendant plaintiff appeals.

*Crowley & Sullivan,* and *Hudson & Holt,* for appellant.

*S. C. Milligan,* and *W. C. Sharpstein,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—The only question involved in this case requires the construction of § 10 of art. 11 of the state constitution. Said section, after providing the manner in which a city of twenty thousand inhabitants or more shall be permitted to frame a charter, and for its submission to the qualified electors of said city, proceeds as follows:

"Said proposed charter shall be published in two daily newspapers published in said city, for at least thirty days prior to the day of submitting the same to the electors for their approval, as above provided. All elections in this section authorized shall only be had upon notice, which notice shall specify the object of calling such election, and shall be given for at least ten days before the day of election, in all election districts of said city. Said elections may be general or special elections, and except as herein provided shall be governed by the law regulating and controlling general or special elections in said city. Such charter may be amended by proposals therefor submitted by the legislative authority of such city to the electors thereof at any general election after notice of said submission published as above specified, and ratified by a majority of the qualified electors voting thereon. In submitting any such charter, or amendment thereto, any alternate article or proposition may be presented for the choice of the voters, and may be voted on separately without prejudice to others."

Under the authority of this section the city of Tacoma framed its charter, and provided in said charter that whenever the city council shall deem any amendment necessary or expedient it shall pass a resolution declaring its intention to offer to the qualified voters of the city such amendment, and shall cause such proposed amendment or amendments to be published in full in the official newspaper for thirty days, etc. Under this provision of the charter the notice complained of was given. The respondent contends that the provisions of the constitution requiring the

proposed charter to be published in two daily newspapers published in said city does not apply to amendments to charters, and that the words "after notice of said submission published as above specified" do not relate to the proposed amendments, but to the notice of election. We think this would be the forced and not the natural construction of the language used in the constitution. The language of the constitution is not "after notice of the election published as above specified," but "after notice of said submission published as above specified." Submission of what? Evidently the submission of the proposed amendment; it is the amendment which is submitted and not the election, and it is the notice of the thing submitted which the latter part of the section is providing for. It may well be presumed that the constitution makers intended to guarantee to the citizens of cities as full and complete a notice of the amendments to charters as of the original charters. In fact there is no reason why they should not. There is no difference in the effect or operation of charter laws because one happens to be in the original charter adopted and the other an amendment to such original charter. The amendment may effectually supplant or destroy the original charter and institute a new policy altogether. It is urged by the respondent that the notice provided by the charter and under which the city acts is sufficient. That is probably true, and it is probably true that it would have been a sufficient notice in *fact* if the *original* charter had been published for thirty days in the official newspaper of the city; but the trouble is that it is not the notice prescribed by the constitution, and although other modes in the opinion of this court might be equally, and even more, efficacious, such considerations can have no weight in determining this question. Without entering into an extended analysis of this section we are satisfied

that the contention of the appellant is warranted by the plain and natural construction of the constitution.

It follows that the judgment must be reversed, and it is so ordered.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.